STATE OF NORTH CAROLINA v. DAVID CARL MICHAEL, JR.

No. 618A83

(Filed 5 June 1984)

**1. Criminal Law § 138 — failure of court to consider mitigating factor — insufficient showing**

Where the trial judge listed the mitigating factors which he found were proved by a preponderance of the evidence in compliance with G.S. 15A-1340.4(b), the mere allegation by defendant that the judge failed to consider another statutory mitigating factor, when the evidence does not compel a finding that the factor was proved by a preponderance of the evidence, is insufficient to overcome the presumption that the judge complied with the statutory mandate of G.S. 15A-1340.4(a) that he "consider" each of the statutory aggravating and mitigating factors.

**2. Criminal Law § 138 — second-degree murder — sentencing hearing — extenuating relationship mitigating factor — insufficient evidence to compel finding**

In sentencing defendant for the second-degree murder of his father, the evidence presented at the sentencing hearing was insufficient to compel the trial court to find as a mitigating circumstance that the relationship between defendant and his father was "otherwise extenuating" where it showed that

defendant and his father argued during the morning hours of the day on which the murder occurred; during the afternoon of that same day, the father spanked defendant with a belt and banged his head on the corner of a bed; and later that night, defendant aimed a shotgun at his father and pulled the trigger, allegedly not knowing that the gun was loaded. G.S. 15A-1340.4(a)(2)(i).

**3. Criminal Law § 138— second-degree murder — sentencing hearing — voluntary acknowledgment of wrongdoing mitigating circumstance — insufficient evidence to compel finding**

The evidence presented at the sentencing hearing of defendant for the second-degree murder of his father did not require the trial court to find as a mitigating factor that defendant voluntarily acknowledged wrongdoing to a law enforcement officer prior to arrest or at an early stage of the criminal process where it showed that defendant was arrested shortly after telling his grandfather that he did not mean to kill his father; at no time prior to arrest did defendant acknowledge his wrongdoing to a law officer; and defendant gave a statement to the sheriff after his arrest in which he refused to admit any wrongdoing and maintained that the shooting was an accident.

**4. Criminal Law § 134.4— youthful offender — failure to make "no benefit" finding**

The trial court erred in imposing an active sentence upon a sixteen-year-old defendant for second-degree murder without either sentencing defendant as a committed youthful offender or making a "no benefit" finding on the record in accordance with G.S. 15A-1340.4(a).

**5. Criminal Law §§ 134.4, 177.1— youthful offender — absence of "no benefit" finding — resentencing not necessary**

Where the only error is the failure of the trial judge to make a "no benefit" finding in sentencing a youthful offender, resentencing is not required, and the case will be remanded for the sole purpose of a hearing to determine whether defendant should have the benefit of serving the sentence imposed as a committed youthful offender.

APPEAL of right by defendant, pursuant to G.S. 7A-27(a) (1981), from the sentence entered by the *Honorable Russell G. Walker, Judge Presiding,* at the 8 August 1983 Criminal Session of Superior Court, GUILFORD County. Heard in the Supreme Court 12 April 1984.

*Rufus L. Edmisten, Attorney General, by Steven F. Bryant, Assistant Attorney General, for the State.*

*Frederick Gustave Lind and George Russell Clary, III, Assistant Public Defenders, for defendant-appellant.*

FRYE, Justice.

Defendant entered a plea of guilty to murder in the second degree, after having been initially charged with murder in the

first degree. The victim was David Carl Michael, Sr., the defendant's father. After the presentation of evidence at a sentencing hearing, Judge Walker sentenced defendant to life imprisonment.

## I.

Defendant seeks a new sentencing hearing and brings forward two assignments of error relating thereto. Both assignments of error allege that the trial court erred in failing to consider and find a specific mitigating factor. Our review of the trial transcript reveals that the trial court did not err in its consideration or findings of mitigating factors. However, for error which appears on the face of the record, the case must be remanded for a determination of whether defendant should have the benefit of serving his sentence as a committed youthful offender. G.S. §§ 148-49.14 and 15A-1340.4(a) (1983).

The testimony presented during the sentencing hearing disclosed that on 29 March 1983, Detective Sergeant Steven Shaver of the Guilford County Sheriff's Department responded to a call to investigate a shooting incident on Summit Avenue in Greensboro, North Carolina. Upon arrival at the scene, Detective Shaver met with some other members of the Guilford County Sheriff's Department and subsequently began to interview Fred Oates, the defendant's grandfather.

While Mr. Oates was being interviewed by the officers, defendant drove up to the residence. He was upset and crying. After embracing Mr. Oates, defendant told him that he did not mean to kill his father. In response to a question asked by Mr. Oates concerning the location of a shotgun, defendant stated that it was in the car and that he had intended to throw it in a river. At that time, defendant was placed under arrest and advised of his constitutional rights.

At approximately 3:00 a.m. on 29 March 1983, while in the custody of the Guilford County Sheriff's Department, defendant gave the following statement:

On Sunday night, 3/27/83, at approximately 6:45 P. M. Keith Lowe, Jackie Long, and myself left my residence with the intentions of going to the coliseum to a rock show. The rock group Rush was playing at the coliseum. We stopped at McDonald's on Highway 29 to grab some food. After we left Mc-

Donald's we went to the rock show. Keith was driving. Incidentally, the van we were riding in belonged to Keith but was in Jackie's name.

While at the show I met a man I had never seen before and he gave me some Quaaludes. I didn't give him any money. There were four ludes and I took all four. After that I rejoined Keith and Jackie. We stayed there approximately three hours.

Since both my parents work third shift, I decided to go over to my cousin's residence. His name is Bobby Starsa and he lives off Highway 29 near the Frosty Mug.

Soon I noticed my mother come in and noticed that I was stoned. She then called my father and he came over and took me home. He didn't hit me, but he argued with me. I guess it was 9:30 A. M. Monday morning and I went straight to sleep. During Monday afternoon I woke up and smoked a cigarette. Later that afternoon my father spanked me with his belt. I told him that I hated him and he told me that he didn't care that much for me. Later on he grabbed me by the hair and started banging my head on the corner of the bed. My sister began crying and my mother came into the room. He soon stopped beating my head. I went to my room and stayed a while.

At 10:36 P. M. or so my mother left for work. She had asked my father to stay there with me and my sister. Daddy laid down on the couch in the den and fell asleep. I then went and got his knives and cleaned them up. I then went and got his shotgun in order to clean it. I didn't realize it was loaded. I sat down in the chair near the sofa and just pulled the trigger and shot it. Again I didn't know it was loaded. I panicked and went to my room and packed my bags and left. My sister was still asleep. I left and just rode until I decided to come back to the house.

Incidentally, before returning I called my grandfather and told him to pick my sister up.

As a result of the investigation conducted by Detective Shaver, he discovered from one of defendant's friends that on the day of the killing defendant stated that he was going to kill his

father. Additionally, Detective Shaver discovered that there was "friction" between defendant and his father which had extended over several months and that defendant had been spanked by his father on several occasions. Detective Shaver testified that the chair that defendant claimed to have been sitting in when he fired the shotgun was six feet from the sofa upon which the victim was lying.

The medical examiner's report showed that the victim suffered a very close gunshot wound to the right forehead with extensive injuries to the skull, face and brain. The medical examiner was of the opinion that the shotgun was within two inches of the victim's head when it was fired.

At the close of the sentencing hearing, Judge Walker found as an aggravating factor "that the homicide was committed after premeditation and deliberation." As mitigating factors, he found that "the defendant has no record of criminal convictions; [and] the defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced his culpability." However, Judge Walker found that the aggravating factor outweighed the mitigating factors and sentenced the defendant to life imprisonment, a prison sentence in excess of the presumptive term. *See* G.S. 14-17; G.S. 14-1.1(a)(3). The presumptive sentence for murder in the second degree is fifteen years. G.S. 15A-1340.4(f)(1).

## II.

Defendant assigns as error the failure of the trial judge to consider and find the statutory mitigating factor that "the relationship between the defendant and the victim was otherwise extenuating." G.S. 15A-1340.4(a)(2)i. Defendant contends that the evidence which showed that his father had spanked him shortly before the killing and on several prior occasions and that "friction" existed between him and his father was uncontradicted, substantial and manifestly credible. Therefore, defendant argues that the trial court was required to find as a mitigating factor that the relationship between him and his father was "otherwise extenuating."

[1] The first question presented by defendant's assignment of error is whether the sentencing judge failed to consider the above

mentioned mitigating factor, that is, whether he weighed the evidence presented in order to determine whether the relationship between the defendant and the victim was "otherwise extenuating." G.S. 15A-1340.4(a)(2)i. While G.S. 15A-1340.4(a) requires that the sentencing judge "consider" each of the statutory aggravating and mitigating factors, G.S. 15A-1340.4(b) only requires that the judge "list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence." Conversely, as stated by Judge Harry C. Martin (now Justice Martin) in *State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied,* 306 N.C. 745, 295 S.E. 2d 482 (1982), there is no requirement that the sentencing judge "list in the judgment statutory factors that he considered and rejected as being unsupported by the preponderance of the evidence." *Id.* at 334, 293 S.E. 2d at 661. Judge Walker complied with the statutory mandate by listing those mitigating factors that he found were proved by a preponderance of the evidence. The mere allegation by defendant that the judge failed to consider another statutory factor, when the evidence does not compel a finding that the factor was proved by a preponderance of the evidence, is insufficient to overcome the presumption that the court below complied with the statutory mandate.

[2]    The next question raised by defendant's assignment of error is whether the evidence presented at the sentencing hearing was sufficient to compel the trial court to find that the relationship between defendant and his father was "otherwise extenuating." Stated differently, the question is, can this Court conclude, after reviewing the evidence, that " 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a matter of law.' " *State v. Jones,* 309 N.C. 214, 220, 306 S.E. 2d 451, 455 (1983) (quoting *Bank v. Burnette,* 297 N.C. 524, 536-37, 256 S.E. 2d 388, 395 (1979)). Although we agree with the defendant that the evidence concerning the relationship between him and his father was uncontradicted and arguably credible, we do not believe that the evidence presented necessarily proved by a preponderance of the evidence that "the relationship between the defendant and the victim was otherwise extenuating." G.S. 15A-1340.4(a)(2)i. "[U]ncontradicted, quantitatively substantial, and credible evidence may simply fail to establish, by a preponder-

ance of the evidence, any given factor in aggravation or mitigation." *State v. Blackwelder,* 309 N.C. 410, 419, 306 S.E. 2d 783, 789 (1983).

The record evidence shows that the defendant and the victim argued during the morning hours of the day on which the murder occurred. During the afternoon of that same day, the victim spanked defendant with a belt and "started banging [his] head on the corner of the bed." After the spanking, defendant went to his room. Later that night, the defendant aimed a shotgun at his father and pulled the trigger, allegedly not knowing that the gun was loaded. As a result of the shooting, defendant's father died. This evidence does not compel a finding that "the relationship between the defendant and the victim was otherwise extenuating," i.e., the evidence concerning the father-son relationship does not necessarily lessen the seriousness of the crime committed. This assignment of error is rejected.

III.

[3] Defendant also assigns as error the failure of the trial court to consider and find as a mitigating factor that "prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." G.S. 15A-1340.4(a)(2)l.

For the previously stated reasons, we hold that defendant has presented no evidence which establishes that the sentencing judge failed to consider the above stated mitigating factor. We also hold that the evidence presented at the sentencing hearing was insufficient to require a finding by the trial court that defendant voluntarily acknowledged wrongdoing to a law enforcement officer prior to arrest or at an early stage of the criminal process.

In *State v. Graham,* 309 N.C. 587, 308 S.E. 2d 311 (1983), this Court held that the trial court should have found as a mitigating circumstance that "prior to arrest or at an early stage of the criminal process the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." In *Graham,* this Court stated:

> We hold that if defendant's confession was made prior to the issuance of a warrant or information, or upon the return of a

true bill of indictment or presentment, or prior to arrest, whichever comes first, he is entitled to a finding of this statutory, mitigating circumstance.

*Id.* at 590, 308 S.E. 2d at 314.

In the instant case, defendant was arrested shortly after telling his grandfather that he did not mean to kill his (defendant's) father. At no point in time, prior to arrest, did defendant acknowledge his wrongdoing to a law enforcement officer. Defendant's statement to the sheriff was given after his arrest, and even then, defendant refused to admit any wrongdoing. He steadfastly maintained that the shooting was an accident; however, the physical evidence strongly contradicted his version of the facts. Therefore, the trial court did not err in failing to find that, prior to arrest, defendant voluntarily acknowledged wrongdoing to a law enforcement officer. Defendant's assignment of error is rejected.

## IV.

[4] Based upon our independent review of the record, we find that the trial court erred by failing to make a "no benefit" finding on the record, as is required by G.S. 15A-1340.4(a).

The defendant was sixteen years old at the time he entered his guilty plea. Therefore, since he was "under 21 years of age at the time of conviction," the trial court was required to either sentence defendant as a committed youthful offender or make a "no benefit" finding on the record, after it elected to impose an active prison term. G.S. 15A-1340.4(a). A "no benefit" finding was not made on the record in the instant case.

We recognize *State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984); *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981); *State v. Rupard*, 299 N.C. 515, 263 S.E. 2d 554 (1980), where, under similar circumstances, the judgments were vacated and the cases remanded for resentencing. However, we do not feel that these cases are controlling. In none of these cases did this Court discuss or analyze why the cases were remanded for resentencing. In *Lattimore* a new sentencing hearing was necessary because of errors in the finding of aggravating and mitigating factors, without regard to the "no benefit" problem. The judge in *Bracey* found that the defendant would benefit "as a Committed Youthful Offender but that Society would not and it is the intent

of the court that defendant should serve a minimum of 2 years before eligible for Parole." 300 N.C. at 124, 277 S.E. 2d at 398. This Court vacated the judgment as being ambiguous and sarcastic. In *Rupard,* the Court vacated the judgment and remanded the case for resentencing without an analysis or discussion of the issue.

[5]   Where, as here, the only error is the failure of the trial judge to make a "no benefit" finding, remand for resentencing is not required. The trial judge has heard the evidence, observed the witnesses and the defendant, heard arguments of counsel, made the required aggravating and mitigating findings, decided that the defendant should receive an active sentence rather than probation, and determined the length of the prison term. He only omitted determining in his discretion the circumstances under which the sentence should be served, whether as a regular youthful offender or as a committed youthful offender.

The case is remanded to the Superior Court, Guilford County, for the sole purpose of a hearing to determine whether defendant should have the benefit of serving the sentence imposed as a committed youthful offender. Defendant and his counsel should be present at such hearing.

Remanded.