STATE OF NORTH CAROLINA v. ROGER LEE CLARK

No. 690A84

(Filed 5 November 1985)

1. **Criminal Law § 102.6— improper jury argument—failure to instruct jury to disregard—absence of prejudice**

If error was committed in the trial court's failure to instruct the jury to disregard the prosecutor's jury argument that defense counsel's efforts to interview defendant's estranged wife were "shady" and that defense counsel evaluated the case and knew that it was hopeless, defendant failed to show that he was prejudiced thereby. G.S. 15A-1443(a).

2. **Criminal Law § 138.38— mitigating factor—strong provocation or extenuating relationship—finding not required**

The trial court did not err in failing to find as a mitigating factor for second degree murder that defendant acted under strong provocation or the relationship between defendant and the victim was otherwise extenuating where the trial testimony and an earlier statement by defendant's estranged wife contradicted a statement she gave to defense counsel that deceased previously had pulled a pistol on defendant, had slapped defendant's minor daughter and had tried to run defendant's car off the road, and where defendant's contention that he acted under strong provocation by reason of his belief that deceased was going for a gun was contradicted by his wife's testimony and discounted by his own statement that he did not see a gun.

3. **Criminal Law § 138.40— mitigating factor—voluntary acknowledgment of wrongdoing—effect of claim of self-defense**

The trial court did not err in failing to find as a mitigating factor for second degree murder that defendant, at an early stage of the criminal process,

---

voluntarily acknowledged wrongdoing to a law enforcement officer where defendant admitted after arrest that he killed the victim but denied culpability by contending that the shooting was justified by self-defense.

**4. Criminal Law § 138.41— mitigating factor—good reputation in community— finding not required**

Favorable testimony by defendant's probation officer did not compel the trial court to find as a mitigating factor for second degree murder that defendant had a good reputation in the community in which he lived where there was other evidence that defendant was on probation at the time of the offense, had a record of various assaults and trespasses, was under a restraining order not to go on the property where the killing took place, and lived across the street from his wife and children with his girlfriend.

APPEAL by the defendant from *Ellis, Judge,* at the 16 July 1984 Session of ROBESON County Superior Court.

The defendant was charged in indictments, proper in form, with the murder of Cordia Oxendine and assault with a deadly weapon with intent to kill inflicting serious injury upon Cattie Jane Clark. The defendant was convicted of second degree murder and assault with a deadly weapon and was sentenced to a term of life imprisonment for the murder and to a concurrent term of two years for the assault.

The defendant appeals the life sentence to this Court as a matter of right pursuant to N.C.G.S. § 7A-27(a). We allowed the defendant's motion to bypass the Court of Appeals on the assault conviction on 11 February 1985.

Evidence offered by the State tended to show that on 12 February 1984 the defendant and his wife, Cattie Jane Clark, were living separate and apart and that Mrs. Clark and the couple's two children were living in a mobile home owned by the defendant and his wife. On that date at about 12:00 noon, Cattie Jane Clark and Cordia (Pete) Oxendine were standing beside Mrs. Clark's automobile in front of a barn-type building beside the mobile home. The defendant drove by with several other people in his Volkswagen automobile. About five minutes later, the Volkswagen returned and pulled into the driveway, and the defendant got out of the car with a shotgun. He pointed the gun at Mrs. Clark and Oxendine and said, "You S.O.B.s. If you don't take up those papers, I'm going to kill you." Mrs. Clark ducked behind her car. One shot was fired. Oxendine said, "Oh, my God," and ran

across a field. The defendant assaulted Mrs. Clark by hitting her about the head, body and legs with the shotgun.

Oxendine's body was found shortly thereafter on the carport of a house about 1,000 feet from the scene. Death resulted from a gunshot wound to the neck.

The defendant did not offer evidence.

*Lacy H. Thornburg, Attorney General, by Jo Anne Sanford, Special Deputy Attorney General, for the State.*

*Philip A. Diehl for defendant-appellant.*

BILLINGS, Justice.

The defendant brings forward two assignments of error, claiming:

1. The trial court erred in allowing the State to argue improper and prejudicial matters to the jury; and

2. The trial court erred in sentencing the defendant by failing to find certain mitigating factors presented by the evidence.

[1] We first consider the defendant's contention that he is entitled to a new trial as a result of the prosecutor's allegedly prejudicial remarks during closing argument.

During the State's argument to the jury, defense counsel interposed objections four times. The first objection was made when the district attorney was arguing that a statement made by Mrs. Clark in the defense attorney's office to Kermit Locklear, the defense attorney's investigator, should not be given credence. The statement varied from her earlier statements and from her trial testimony by including assertions that Oxendine had called the defendant names, had once tried to run the defendant off the road, had pulled a gun before the defendant shot him, and earlier had struck one of the defendant's children. In his argument, the district attorney suggested that Mrs. Clark made these assertions in an effort to keep "the father of her children" from receiving a death sentence. He said:

> So, they called this witness in and Kermit Locklear — and it's been uncontradicted that he told her that the defendant

was going to get the chair; says, "We got to go down to the lawyer's office." And I would say to you you need to kind of shade this particular transaction a little shady, Ladies and Gentlemen, because I think it should be obvious to you what it was. They talked with all the witnesses, they evaluated the case, they knew it was a hopeless case—

At that point the defense attorney objected and requested "that the jury be instructed to disregard that argument." A bench conference was then held but is not recorded.

In his brief, the defendant argues that the district attorney "throughout the entire argument . . . berated efforts of the defense to adequately prepare for trial" and described defense efforts to interview witnesses as "shady." However, the quoted passage is the only portion of the argument identified by the defendant as making reference to the preparation of the defense case. It is unclear whether the objection is to the characterization of the transaction as shady or to the argument that the defense evaluation of the case was that it was hopeless. After the bench conference, the district attorney avoided any further characterization of the defense preparation. We find that if error was committed in the failure of the judge to instruct the jury to disregard the argument, the defendant has failed to show that he was prejudiced thereby. *See* N.C.G.S. 15A-1443(a).

We have examined the defendant's remaining objections to the district attorney's argument and have concluded that they either were appropriately handled by the trial judge or did not constitute prejudicial error. This assignment of error is overruled.

We next consider the defendant's assignment of error relating to sentencing.

After the defendant's conviction, the trial judge conducted a sentencing hearing and found as an aggravating factor that the defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days' confinement. He found no mitigating factors. The defendant contends that the trial judge erred in failing to find the following statutory mitigating factors under N.C.G.S. § 15A-1340.4(a)(2):

> i. The defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating.

l. Prior to arrest or at any early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.

m. The defendant has been a person of good character or has had a good reputation in the community in which he lives.

[2] In regard to the first listed factor, the evidence concerning the relationship between the defendant and the deceased was conflicting. Although the defendant's estranged wife's statement, given to the defense counsel at some time after the defendant's arrest, indicated that the deceased previously had pulled a pistol on the defendant, had slapped the defendant's minor daughter, and had tried to run defendant's car off the road, this statement was in conflict both with an earlier statement by her and her trial testimony. The defendant's contention that he acted under strong provocation by reason of his belief that the deceased was going for a gun was contradicted by his wife's testimony and discounted by his own statement that he did not see a gun.

When evidence is offered to support a claim of a mitigating factor of strong provocation, the trial judge first must determine what facts are established by the preponderance of the evidence, *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982), and then determine whether those facts support a conclusion of strong provocation. *State v. Cameron*, 71 N.C. App. 776, 323 S.E. 2d 396 (1984). Only if the evidence offered at the sentencing hearing "so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn" is the court compelled to find that the mitigating factor exists. *State v. Jones*, 309 N.C. 214, 220, 306 S.E. 2d 451, 455 (1983). *See also State v. Michael*, 311 N.C. 214, 316 S.E. 2d 276 (1984).

Because the evidence does not compel a finding either of strong provocation or that the relationship between the defendant and the deceased was "otherwise extenuating," we reject the defendant's contention that the trial judge erred in failing to find that mitigating factor.

[3] To support his claim that the judge should have found as a mitigating factor that the defendant, at an early stage of the criminal process, voluntarily acknowledged wrongdoing to a law

enforcement officer, the defendant introduced a statement that he made to Detective Garth Locklear on 12 February 1985. In the statement, made after his arrest for the murder, the defendant said that he shot the deceased when the deceased "started pulling his left hand out of his pocket. I figured he had a gun, but I didn't see one."

In *State v. Michael*, 311 N.C. 214, 316 S.E. 2d 276 (1984), this Court held that a statement given by the defendant in a murder case after his arrest, in which he admitted that he had killed the victim but contended that the shooting was accidental, did not constitute an admission of wrongdoing. Likewise, here, the defendant admitted after arrest that he killed the victim but denied culpability by contending that the shooting was justified by self-defense. This assignment of error is rejected.

[4] Finally, the defendant contends that the testimony of his probation officer compelled the trial court to find as a mitigating factor that the defendant had a good reputation in the community in which he lived.

The basis for the probation officer's opinion is at best unclear, as the following questions and answers show:

Q. Did you have an opportunity to talk with other people in the community about Mr. Clark?

A. Yes, sir.

Q. As a result of those conversations, did you become acquainted with the general reputation in the community?

A. Yes sir, based on my contact with him, yes.

Q. And what was that?

A. He seemed to enjoy a good reputation in the community in which he lived. Described as a quiet person; didn't get involved in other people's business.

However, as the State pointed out, the defendant was on probation at the time of the offense. The same probation officer testified that the defendant was on probation for assault on a female, one Sarah Brayboy; that the defendant had a record of a number of assaults in Scotland and Robeson Counties and of various trespasses; and that, at the time of the offense, the de-

fendant was under a restraining order entered after a domestic disturbance which ordered the defendant not to go on the property where the shooting took place.

Additionally, in the defendant's statement to Detective Locklear he stated that at the time of the events in question he was living in a house trailer with Gladys Oxendine across the street from the trailer where his wife and children lived. His probation officer testified that the relationship between the defendant and Gladys Oxendine was a "boy friend, girl friend relationship."

Clearly, the evidence of the defendant's good reputation is not "substantial, uncontradicted and manifestly credible," compelling the trial court to find the suggested factor. *See State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983); *State v. Winnex*, 66 N.C. App. 280, 311 S.E. 2d 594 (1984).

The defendant received a fair trial free of prejudicial error.

No error.