STATE OF NORTH CAROLINA v. ALFONZA BULLARD

No. 8518SC821

(Filed 18 February 1986)

1. Homicide § 30.3— first degree murder—instruction on involuntary manslaughter not required

   The trial court in a first degree murder case did not err in refusing to submit to the jury the possible verdict of guilty of involuntary manslaughter, since all the evidence showed that defendant intentionally took a swipe at the victim with a utility knife, and there was no evidence from which a jury could find that defendant committed involuntary manslaughter.

2. Criminal Law § 138.32, 138.40— second degree murder—punishment—no mitigating factors

   The trial court was not required to find as mitigating factors for second degree murder that (1) defendant committed the offense under duress, coercion, threat, or provocation, since evidence that the victim was armed and initiated the confrontation by calling defendant an obscene name was contradicted; (2) defendant acted under strong provocation or the relationship between defendant and the victim was otherwise extenuating, since such finding was not required by uncontradicted evidence that defendant and the victim had been arguing over an extended period of time, and evidence that defendant was provoked was not uncontradicted or manifestly credible; and (3) defendant voluntarily acknowledged wrongdoing at an early stage of the criminal

process, since defendant acknowledged striking the victim but denied that he cut and killed him. N.C.G.S. 15A-1340.4(a)(2)b, i and l.

**3. Criminal Law § 138.28— punishment—aggravating factors—nolo contendere plea as prior conviction**

The trial court properly considered a plea of nolo contendere to a prior offense as a prior conviction for the purpose of sentencing. N.C.G.S. 15A-1340.2(4).

APPEAL by defendant from *Rousseau, Judge*. Judgment entered 4 April 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 3 February 1986.

Defendant was charged in a proper bill of indictment with first degree murder. At trial, the State introduced evidence which tends to show that defendant struck the victim across the groin with a utility knife, severing his femoral artery and that the victim died a few minutes thereafter. Defendant was found guilty of second degree murder. From a judgment imposing a prison sentence of twenty years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard H. Carlton, for the State.*

*Public Defender Wallace C. Harrelson and Assistant Public Defender Charles L. White, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns as error the trial court's refusal to submit to the jury the possible verdict of guilty of involuntary manslaughter. Defendant contends that the evidence in this case could support a finding of an unintentional homicide resulting from the reckless use of a deadly weapon. In support of this argument, defendant relies on the testimony of police officers regarding statements made by defendant following his arrest. Defendant told the officers that he swung the knife at the victim, but that he did not remember cutting him. This argument is without merit.

Involuntary manslaughter is the unlawful killing of a human being, unintentionally and without malice, proximately resulting from an act not amounting to a felony nor naturally dangerous to human life, or from a culpably negligent act or omission. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976). The submission to the jury of a possible verdict of involuntary manslaughter when

the defendant has been charged with murder is necessary "only when there is evidence from which a jury could find such an included crime was committed." *State v. Whitley*, 311 N.C. 656, 667, 319 S.E. 2d 584, 591 (1984).

There is no evidence from which a jury could find that defendant committed involuntary manslaughter in this case. All of the evidence shows that defendant intentionally took a swipe at the victim with a utility knife. The trial court, therefore, properly refused to submit the possible verdict of involuntary manslaughter to the jury. *See, State v. Whitley*, 311 N.C. 656, 319 S.E. 2d 584 (1984).

Defendant next contends that the trial court erred in failing to find the following statutory mitigating factors listed in G.S. 15A-1340.4(a)(2):

b. The defendant committed the offense under duress, coercion, threat, or compulsion which was insufficient to constitute a defense but significantly reduced his culpability.

. . .

i. The defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating.

. . .

l. Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.

We disagree with defendant's contention.

Where the evidence in support of a mitigating factor is uncontradicted and manifestly credible, it is error for the trial court to fail to find such mitigating factor. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). The defendant has the burden of establishing such mitigating factors by the preponderance of the evidence. *State v. Hinnant*, 65 N.C. App. 130, 308 S.E. 2d 732 (1983), *cert. denied*, 310 N.C. 310, 312 S.E. 2d 653 (1984).

[2] Defendant argues that evidence tending to show that defendant struck the victim with the knife after the victim started a heated argument by calling defendant by an obscene name and that the victim appeared to be armed compelled the trial court to

find that defendant committed the offense under "duress, coercion, threat, or provocation." The trial court did not err in failing to make such a finding, however, because this evidence was not uncontradicted or manifestly credible. Neither witness to the encounter testified that the victim was armed, and one witness denied that the victim initiated the confrontation by calling defendant by an obscene name.

In support of his argument that the trial court erred in failing to find that defendant "acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating," defendant again cites evidence tending to show that the victim initiated the confrontation as well as evidence tending to show that the victim and defendant had had a continuing antagonistic relationship. As discussed above, evidence tending to show that defendant was provoked is not uncontradicted or manifestly credible. Although the evidence that defendant and the victim had been arguing over an extended period of time was not contradicted, this evidence does not compel a finding that their relationship was "otherwise extenuating," because such evidence "does not necessarily lessen the seriousness of the crime committed." *State v. Michael*, 311 N.C. 214, 220, 316 S.E. 2d 276, 280 (1984).

In support of his contention that he voluntarily acknowledged wrongdoing at an early stage of the criminal process defendant relies upon evidence that, following his arrest, he told officers of the location of the knife and admitted striking the victim. This evidence, however, fails to affirmatively show that defendant acknowledged wrongdoing. While he acknowledged striking the victim, he denied that he cut and killed him, attributing the fatal blow to someone else. The court, therefore, was not required to find this mitigating factor. *See, State v. Michael*, 311 N.C. 214, 316 S.E. 2d 276 (1984).

[3]  Finally, defendant contends that the trial court erred in considering a plea of nolo contendere to a prior offense as a prior conviction for the purposes of sentencing. This contention is without merit because the Fair Sentencing Act provides that "[a] person has received a prior conviction when he . . . has entered a plea of guilty or no contest to a criminal charge . . . ." G.S. 15A-1340.2(4); *State v. Brown*, 314 N.C. 588, 336 S.E. 2d 388 (1985).

For the foregoing reasons, we hold that defendant had a fair trial free of prejudicial error.

No error.

Judges WEBB and PARKER concur.