State v. Meeks

STATE OF NORTH CAROLINA v. ALFONZO MEEKS

No. 301A86

(Filed 3 September 1987)

1. Criminal Law § 34.2— testimony concerning subsequent offense—harmless error

The trial court in a murder prosecution did not commit reversible error by allowing the prosecutor to question defendant about an unrelated shooting which occurred after the shooting in this case where defendant had previously testified that he disposed of the gun in this case by dropping it down a drain

and it was not improper for the prosecutor to inquire about his subsequent possession of a similar gun; assuming that a question about whether defendant and the second victim had pulled handguns on each other was improper, defendant's denial removed any prejudice and the prosecutor did not dwell on the matter; and defendant specifically excluded the question concerning whether he had shot and killed the second victim from his continuing objection.

**2. Criminal Law § 34.2— murder—testimony concerning defendant's previous possession of gun—no prejudice**

There was no prejudicial error in a murder prosecution from the trial court's permitting the prosecution to ask a witness whether she had ever seen defendant with a gun before, considering the brevity and incomplete nature of the exchange, the obvious hostility of the witness to defendant, the trial judge's action in instructing the witness to confine her responses to the question asked, and the prompt action of defendant's attorney. Moreover, defendant himself later testified on cross-examination that he had owned the gun used to shoot the victim for about two years.

**3. Criminal Law § 73— murder—prior altercation with deceased—hearsay**

The trial court did not err in a murder prosecution by ruling inadmissible testimony from two witnesses that defendant's supervisor had complained earlier on the day of the shooting that the deceased was harassing defendant and two other men working with him. The statement was hearsay because it was offered to prove the truth of the matter asserted, that an altercation between the deceased and defendant occurred earlier in the day, and defendant did not argue an exception to the hearsay rule before the Supreme Court.

**4. Criminal Law § 138.38— second degree murder—strong provocation—not found**

The trial court did not err by failing to find the mitigating factor of strong provocation where, although defendant's evidence would support the factor, the testimony of the deceased's fiancee was to the contrary.

APPEAL by defendant from a sentence of life imprisonment imposed by *Hight, J.*, following defendant's conviction of murder in the second degree at the 17 February 1986 Criminal Session of Superior Court, WAKE County. Heard in the Supreme Court 15 April 1987.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Leland Q. Towns, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

Defendant contends on this appeal that the trial judge erred in permitting certain cross-examination by the prosecutor, in refusing to allow into evidence certain testimony by two of defendant's witnesses, and in failing to find a mitigating factor. We find no prejudicial error and hold that defendant received a fair trial.

Defendant was indicted on 28 May 1985 for the murder of Reddick Royster. The case came on for trial at the 17 February 1986 Criminal Session of Superior Court, Wake County, before Hight, J. The State introduced evidence that defendant shot and killed the victim on 6 May 1985 and that there was a history of hostility between defendant and the deceased. Defendant testified in his own defense that he believed the deceased was in the process of pulling out a gun to shoot him when defendant fired his own gun. Although no gun was in fact found on the deceased's body, he was known to carry a handgun. Defendant also introduced evidence that the deceased had threatened him. The jury found defendant guilty of second degree murder. The trial judge found one aggravating factor, that defendant had a prior conviction of an offense punishable by more than sixty days' confinement, and two mitigating factors, the statutory factor that the relationship between the defendant and the deceased was an extenuating circumstance and the non-statutory factor that defendant was employed and actively working at the time the crime was committed. The judge then found that the aggravating factor outweighed the mitigating factors and sentenced defendant to life imprisonment. Defendant appealed.

[1] Defendant's first contention is that the trial judge erred in allowing the prosecutor to question him about an unrelated shooting, for which defendant was also indicted, that occurred after the shooting in the instant case. Before allowing the questions, the trial judge held a *voir dire* to determine their propriety. The prosecutor asked defendant several questions concerning his presence at the scene of the second shooting, his possession of a gun at that time, and finally, whether he had shot and killed the victim of the second shooting. Defendant objected to all of the questions except the final one, whether he had killed the second victim. The trial judge overruled defendant's objections, and, in

the presence of the jury, the prosecutor asked defendant essentially the same questions that he had asked on *voir dire*. Defendant testified that he had a gun at the scene of the second shooting of the same caliber and general appearance as the gun used in the shooting in the instant case, but that the two were not the same. He denied pulling a handgun on the second victim and denied killing him. The trial judge allowed defendant a continuing objection to all of these questions except the last, whether defendant had shot and killed the second victim.

We find no reversible error in this instance. Because defendant had previously testified that he disposed of the gun used in the instant case by dropping it down the street drain, it was not improper for the prosecutor to inquire about his subsequent possession of a similar gun. *See* 1 Brandis on North Carolina Evidence §§ 38, 42, 46-48 (1982 and Cum. Supp. 1986). Assuming, *arguendo*, that the prosecutor's question "At some point during the evening hours on the 25th of January, 1986, did you and [the second victim] pull handguns on each other?" was improper, we note that a defendant's denial is normally held to have removed any prejudice that might arise. *See State v. Black*, 283 N.C. 344, 350, 196 S.E. 2d 225, 229 (1973); *cf. State v. Scott*, 318 N.C. 237, 347 S.E. 2d 414 (1986) (reversible error where defendant, charged with first degree sexual offense, was asked multitudinous improper and prejudicial questions about sexual misconduct). In the instant case, the prosecutor did not dwell on the matter but went on to question defendant about the gun he carried on this later occasion. Defendant specifically excluded the final question, whether defendant had shot and killed the second victim, from his request for a continuing objection and made no specific objection at the time the prosecutor asked it. He therefore waived any right to complain of this question on appeal. *See* N.C.R. App. P. 10.

[2]  In a related argument, defendant next contends that the trial judge erred in allowing the prosecutor to ask a witness, who testified that she saw defendant, armed, leaving the scene of the shooting, whether she had ever seen defendant with a gun before. She testified that she had seen him with one two years before. Defendant contends that this evidence was impermissible "bad character" evidence and was irrelevant.

When defendant initially objected to this line of questioning, one of his express concerns was the hostility of the witness to him. The witness had given answers to the prosecutor that were nonresponsive to his questions and hostile to the defendant. Although the trial judge ruled that the prosecutor could question the witness about previously seeing defendant with a gun, the judge admonished her to confine her responses to the question asked. The following exchange between the prosecutor and the witness then occurred:

Q. MS. HINTON, A FEW MOMENTS AGO YOU INDICATED THAT YOU HAD SEEN THE DEFENDANT WITH A HANDGUN PRIOR TO THE INCIDENT THAT YOU JUST DESCRIBED. WHEN WAS THE LAST TIME YOU HAD SEEN HIM WITH A HANDGUN?

A. THE LAST TIME I SAW HIM WITH A HANDGUN WAS BACK ON MAY 6th OF 1985.

Q. ALL RIGHT. THE LAST TIME BEFORE THAT?

A. BEFORE THAT, THAT WAS ABOUT MAYBE TWO YEARS AGO WHEN HE DRAWED IT ON—

Defendant's attorney intervened at this point, and the witness apologized and did not finish her answer. The prosecutor did not attempt to question the witness any further about the prior incident. Considering the brevity and incomplete nature of the exchange, the obvious hostility of the witness to defendant, the trial judge's action in instructing the witness to confine her responses to the question asked, and the prompt action of defendant's attorney, we do not believe that this interchange was sufficiently prejudicial to entitle defendant to a new trial. *See* N.C.G.S. § 15A-1443(a) (1983).

As to any error of the trial judge in allowing this line of questioning, defendant himself later testified on cross-examination that he had owned the gun used to shoot the victim in the instant case for about two years. He therefore waived his objection to this line of examination. *See State v. Welch*, 316 N.C. 578, 342 S.E. 2d 789 (1986).

Accordingly, we find no merit in defendant's second argument.

[3] Defendant next contends that the trial judge erred in refusing to allow him to introduce into evidence testimony of two employees of the Raleigh Housing Authority to the effect that defendant's supervisor had complained to them earlier on the day of the shooting that the deceased was harassing defendant and two other men working with him. The construction company for which defendant was working at the time of the shooting was finishing a job at the housing project where the deceased's fiancee lived. Defendant sought to have the two housing authority employees testify because the supervisor was unavailable. Attempts to subpoena him had failed, and defendant believed that he had moved to another state. The trial judge ruled the testimony inadmissible, but defendant was allowed to make an offer of proof.

We find no error in the trial judge's ruling. Rule 801(c) of the North Carolina Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C.G.S. § 8C, Rule 801(c) (1986). Although defendant contends before this Court that he was offering the testimony of these two witnesses for the non-hearsay purpose of showing that a complaint was made, and that therefore the rule barring the admission of hearsay does not apply, examination of his argument shows its fallacy. The only value of the complaint to the defendant was its content, the fact that the deceased had been harassing defendant and his co-workers on the day of the shooting. In his argument before the trial judge and before this Court, defendant repeatedly contended that this evidence was relevant because it showed that an altercation between the deceased and defendant took place earlier in the day. Defendant was therefore seeking to have evidence of the supervisor's complaint introduced "to prove the truth of the matter asserted." The testimony of the two housing authority employees was therefore hearsay and inadmissible unless some exception applied. *See id.*; N.C.G.S. § 8C, Rule 802 (1986). No exception was argued before this Court.

[4] Defendant's final argument is that the trial judge failed to find as a mitigating factor that defendant acted under strong provocation. Although defendant's evidence, if believed, would support this factor, the testimony of the deceased's fiancee was to the contrary. The trial judge is not required to find a mitigating

factor where the evidence supporting it was contradicted. *See State v. Clark*, 314 N.C. 638, 336 S.E. 2d 83 (1985).

For all of the reasons discussed herein, we hold that defendant received a fair trial, free of prejudicial error.

No error.