STATE OF NORTH CAROLINA v. WILLIE JAMES CANTY

No. 362A87

(Filed 3 February 1988)

1. **Criminal Law § 138.42— second degree murder—victim's earlier stabbing of defendant—failure to find as mitigating circumstance**

     The trial court in a second degree murder case did not err in failing to find as a nonstatutory mitigating circumstance that the victim stabbed defendant forty-eight hours prior to the shooting of the victim where the court found the statutory mitigating circumstance that the relationship between the victim and defendant was otherwise extenuating, and it is reasonable to assume that the trial court considered the stabbing incident as a fact tending to show the extenuating relationship.

2. **Criminal Law § 138.32— second degree murder—mitigating circumstance of duress—finding not required**

     Evidence in a second degree murder case that the victim had stabbed defendant forty-eight hours before defendant shot the victim did not require the trial court to find the statutory mitigating circumstance that defendant acted under duress, N.C.G.S. § 15A-1340.4(a)(2)b, ·where the trial court found the statutory mitigating circumstance that the relationship between the victim and defendant was otherwise extenuating; defendant presented no evidence that the victim displayed a weapon or initiated the confrontation at the time of the killing; and defendant testified that the victim was unaware of defendant's presence at the time he shot the victim.

3. **Criminal Law § 138.38— second degree murder—mitigating circumstance of strong provocation—finding not required**

     Evidence that the victim had stabbed defendant, that the victim had threatened defendant's life and refused to talk with him about the stabbing incident after defendant got out of the hospital, and that defendant believed the victim was armed at the time defendant shot him did not require the trial court to find the mitigating circumstance that defendant acted under strong provocation when he shot the victim where more than forty-eight hours had elapsed between the stabbing and the shooting; more than eight hours had elapsed ·between the time of the second confrontation after defendant got out of the hospital and the time of the shooting; and the' evidence showed that defendant not only initiated the final confrontation but that the victim was unaware of defendant's presence when defendant opened fire on him.

4. **Criminal Law § 138.14— second degree murder—aggravating circumstance outweighing mitigating circumstances—no abuse of discretion in conclusion**

     The trial court did not abuse its discretion in concluding that the aggravating factor of prior crimes punishable by more than sixty days in jail outweighed the mitigating circumstances that defendant voluntarily surrendered to the jurisdiction of the court and that the relationship between the victim and defendant was otherwise extenuating and in imposing a sentence of life imprisonment on defendant for second degree murder.

APPEAL of right by defendant pursuant to N.C.G.S. § 15A-1444(a1) and Rule 4(d) of the North Carolina Rules of Appellate Procedure, from a judgment imposing a sentence of life imprisonment entered by *Griffin, J.*, at the 26 January 1987 Criminal Session of Superior Court, NEW HANOVER County, upon a plea of guilty to murder in the second degree. Pursuant to Rule 30(d) of the Rules of Appellate Procedure, the case was submitted for decision before the Supreme Court on the written briefs.

*Lacy H. Thornburg, Attorney General, by Michael Rivers Morgan, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

Defendant was charged with first degree murder and tendered a plea of guilty to second degree murder. After conducting a hearing to determine that there was a factual basis for the guilty plea, the trial judge accepted the plea. At the sentencing hearing the trial court determined that the aggravating factor outweighed the mitigating factors and sentenced defendant to life imprisonment. Defendant now contends that the trial court erred in failing to find two statutory mitigating factors and abused its discretion in finding that the aggravating factor outweighed the two mitigating factors and in imposing a life sentence. We hold that the trial court did not err and we find no abuse of discretion.

At the sentencing hearing the evidence for the State tended to show that the victim, Michael Walker, had stabbed defendant on 8 May 1986, inflicting injuries requiring defendant to be hospitalized for one day. On 10 May 1986 Walker was at a restaurant in Wilmington, North Carolina, when defendant came to the screened doorway of the restaurant and shot Walker, who was standing by the jukebox, unaware that defendant was at the door. Walker died later that night. The autopsy showed that all of the bullets entered the knee and thighs of Walker except one that when through his arm and into his heart. Defendant left town shortly after the shooting, and on 2 July 1986 he contacted the Wilmington police. Initially, defendant denied being in town at the time of the shooting, but when his alibi proved false he confessed to the killing.

The State presented evidence showing that defendant had previously been convicted of the following: receiving stolen property, feloniously receiving stolen property, felonious breaking or entering, felonious larceny, two separate assaults on a female, and escape.

According to defendant, on the night of 8 May 1986, as he was attempting to break up a fight between two children, Walker yelled at him, "what have you got to do with it?" Defendant told Walker: "Man, I ain't talking to you." Defendant then approached Ernest Ferrell, who was sitting on a nearby porch with Walker, and asked Ferrell, for some "change on the wine." Walker told defendant: "Old Man, get off of here. The man told you he didn't have no change on the wine." Defendant then turned to walk away and as he did so Walker stabbed him in the neck and back. Defendant was taken to a hospital where he received several stitches for the wounds, and remained in the hospital overnight.

Defendant testified that around noon, on 10 May 1986, he returned to the scene of the stabbing in order to talk to Walker about the stabbing incident. Defendant saw Walker standing on the street. As defendant approached him, Walker, holding an unopened knife with brass knuckles, laughed in defendant's face. Defendant walked away without talking to him.

Further testimony by defendant shows that on the evening of 10 May 1986, defendant was told that Walker was looking for him and that defendant knew that Walker always carried a sawed-off shotgun in his backpack. Later that evening defendant, armed with a .22 caliber rifle, again started looking for Walker, intending to "shoot him in a place that wouldn't kill him." Upon seeing Walker in the restaurant defendant shot him five times and then left. Subsequent to the shooting defendant went to South Carolina and then to New York. Two weeks later defendant returned to Wilmington, and on 2 July 1986 defendant surrendered to the police.

At the conclusion of the testimony, defendant asked the court to find two statutory mitigating factors: (1) the defendant acted under strong provocation, and (2) the relationship between the defendant and the victim was an extenuating circumstance. N.C.G.S. § 15A-1340.4(a)(2)i (1983). Defendant also submitted two nonstatutory mitigating factors: (1) the defendant voluntarily sur-

rendered to a law enforcement agent, and (2) the victim assaulted the defendant with a deadly weapon inflicting serious injury within forty-eight hours prior to the shooting. The court found two mitigating factors: The non-statutory mitigating factor that defendant voluntarily committed himself to the jurisdiction of the court and the statutory mitigating factor that the relationship between the defendant and the victim was extenuating.

The State submitted and the trial court found one aggravating factor: The defendant has a prior conviction or convictions for criminal offenses punishable by more than sixty days confinement. N.C.G.S. § 15A-1340.4(a)(1)o (1983). The court also found that the statutory aggravating factor of defendant's prior convictions outweighed the two mitigating factors found and sentenced defendant to life imprisonment, a sentence in excess of the presumptive term for second degree murder.

Defendant first contends that the trial court erred in failing to find as a mitigating factor that the victim stabbed defendant forty-eight hours prior to the shooting. Although this factor was submitted to the sentencing judge as a non-statutory mitigating factor, defendant contends in his brief on appeal that the evidence supports the statutory mitigating factor that defendant committed the offense under duress, which was insufficient to constitute a defense but significantly reduced his culpability. N.C.G.S. § 15A-1340.4(a)(2)b (1983). Because the trial court failed to find this factor in mitigation, defendant argues he is entitled to a new sentencing hearing.

Findings in aggravation and mitigation must be proved by a preponderance of the evidence. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). The State has the burden of proving that aggravating factors exist, whereas the defendant has the burden of proving that mitigating factors are present. *State v. Parker*, 315 N.C. 249, 337 S.E. 2d 497 (1985). When considering whether non-statutory mitigating factors exist, the trial judge is given wide discretion that will not be upset absent a showing of abuse of discretion. *State v. Cameron*, 314 N.C. 516, 335 S.E. 2d 9 (1985).

Although the trial court must consider all statutory aggravating and mitigating factors that are supported by the evidence, the judge weighs the credibility of the evidence and determines by the preponderance of the evidence whether such factors exist.

*State v. Jones*, 314 N.C. 644, 336 S.E. 2d 385 (1985). Also, the trial judge has .wide latitude in determining the existence of aggravating and mitigating factors, for it is "he who observes the demeanor of the witnesses and hears the testimony." *State v. Ahearn*, 307 N.C. 584, 596, 300 S.E. 2d 689, 697. To show that the trial court erred in failing to find a mitigating factor, the evidence must show conclusively that this mitigating factor exists, i.e., no other reasonable inferences can be drawn from the evidence. *State v. Michael*, 311 N.C. 214, 316 S.E. 2d 276 (1984).

[1]   In the case *sub judice*, at the sentencing hearing, defendant submitted the non-statutory mitigating factor that the victim stabbed him forty-eight hours prior to the shooting. If viewed as a non-statutory mitigating factor, as submitted at the sentencing hearing, the determination of whether this factor exists was within the trial court's discretion. *State v. Spears*, 314 N.C. 319, 333 S.E. 2d 242 (1985). Moreover, "[a] ruling committed to a trial judge's discretion will be upset only upon a showing that it could not have been the result of a reasoned decision." *State v. Cameron*, 314 N.C. 516, 519, 335 S.E. 2d 9, 11. Defendant has failed to make such a showing, since it is reasonable to assume that the trial court considered the stabbing incident, occurring forty-eight hours prior to the shooting, as a fact tending to show an extenuating relationship between the victim and the defendant. A sentencing judge need not make a specific finding of every detailed fact supporting a mitigating circumstance.

[2]   Considering defendant's argument on appeal that this factor should have been found as the statutory mitigating factor of duress, we note that defendant has the burden of proving that the evidence in support of any statutory mitigating factor is substantial, uncontradicted and manifestly credible. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451. Defendant testified that the victim had attacked him in an unprovoked incident, and there was uncontradicted evidence showing the antagonistic relationship between the victim and defendant. However, this evidence tends to support, as indeed the sentencing judge found, the statutory mitigating factor of N.C.G.S. § 15A-1340.4(a)(2)i, ·that the relationship between the victim and defendant was otherwise extenuating. Defendant presented no evidence that at the time of the killing the victim either displayed a weapon or had initiated the confrontation. *See State v. Bullard*, 79 N.C. App. 440, 339 S.E. 2d 664

(1986) (no evidence of duress when no evidence that victim was armed or that victim initiated the confrontation). Further, defendant testified that when he killed the victim, the victim was leaning over a jukebox in a restaurant, unaware of defendant's presence. Under these facts the evidence of duress was not so substantial and manifestly credible as to require the sentencing judge to find this statutory mitigating factor. N.C.G.S. § 15A-1340.4(a)(2)b (1983).

[3] Defendant next argues that the sentencing judge erred in failing to find the statutory mitigating factor, N.C.G.S. § 15A-1340.4(a)(2)i, that defendant acted under strong provocation when he killed Walker. Defendant argues that the following "undisputed evidence" supports this mitigating factor: That the victim viciously stabbed defendant in an unprovoked incident, that the victim coerced and threatened defendant after he got out of the hospital, and that the victim refused to peacefully discuss the earlier incident just hours before defendant killed him. Defendant contends the above evidence shows that he had no reasonable alternative except to commit the offense.

The legislature has provided this statutory mitigating factor to reduce a defendant's culpability when circumstances exist that "morally shift part of the fault for a crime from the criminal to the victim." *State v. Martin*, 68 N.C. App. 272, 276, 314 S.E. 2d 805, 807 (1984). Once a defendant offers evidence to support a claim of a mitigating factor of strong provocation, the trial court determines what facts are established by the preponderance of the evidence and whether these facts support a conclusion that this mitigating factor exists. *State v. Clark*, 314 N.C. 638, 336 S.E. 2d 83 (1985). A court is compelled to find a mitigating factor only if the evidence offered at the sentencing hearing "so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn." *State v. Jones*, 309 N.C. 214, 220, 306 S.E. 2d 451, 455. This mitigating factor of strong provocation was found when the victim threatened the defendant with a loaded pistol just moments before the defendant killed the victim. *State v. Taylor*, 309 N.C. 570, 308 S.E. 2d 302 (1983). However, strong provocation was not found when defendant killed the victim within twenty minutes of an altercation with the victim, an altercation initiated by the victim. *State v. Highsmith*, 74 N.C. App. 96, 327 S.E. 2d 628, *disc. rev. denied*, 314 N.C. 119, 332 S.E. 2d 486

(1985). In *Highsmith*, the Court of Appeals held that "[w]hile the original altercation evidenced a threat or challenge by the victim to the defendant, . . . the ensuing events of defendant proceeding to his residence six blocks away, obtaining a shotgun and shells, and then returning to the vicinity of the original fight manifest actions more consistent with a prior determination to seek out a confrontation rather than a state of passion without time to cool placing defendant beyond control of his reason." *Id.* at 100-101, 327 S.E. 2d at 631.

In the case *sub judice*, defendant argues that he had no alternative but to shoot the victim because defendant was acting under strong provocation caused by the victim. Defendant contends he was strongly provoked since the victim had stabbed him two days previously, had threatened his life, and had refused to talk to him about the stabbing incident. However, defendant's own testimony reveals that at least forty-eight hours had elapsed between the time of the initial altercation in which the victim stabbed defendant and the time of the shooting of the victim by defendant. Accepting, *arguendo*, defendant's premise that the refusal of the victim to talk to him can be called a confrontation, nevertheless more than eight hours elapsed between the time of this second confrontation and the time of the actual shooting. Admittedly, the evidence is uncontradicted that defendant believed the victim was armed prior to the time of the shooting; however, the evidence also shows that defendant not only initiated this final confrontation but that the victim was totally unaware of defendant's presence in the restaurant when defendant opened fire on him. Under these circumstances we hold that the trial court did not err in failing to find the statutory mitigating factor of strong provocation.

[4] In his final assignment of error defendant contends that the court abused its discretion in concluding that the aggravating factor outweighed the mitigating factors and in imposing a life sentence, which is greater than the presumptive term of fifteen years for second degree murder. Defendant essentially argues there is no rational basis for giving greater weight to the aggravating factor that defendant had previously committed crimes punishable by more than sixty days in jail than to the mitigating factors that defendant voluntarily surrendered to the jurisdiction of the court and that the relationship between the victim and

defendant was otherwise extenuating. Defendant argues that greater weight should have been given to the mitigating factors.

The balance struck by a trial court when weighing mitigating and aggravating factors will not be disturbed if there is support in the record for the trial court's determination. *See State v. Watson*, 311 N.C. 252, 316 S.E. 2d 293 (1984). The discretionary task of a trial court to weigh factors in mitigation and aggravation is not merely an application of simple mathematics, *State v. Melton*, 307 N.C. 370, 380, 298 S.E. 2d 673, 680 (1983); thus, the fact that there are more mitigating factors than aggravating factors is not determinative. *State v. Penley*, 318 N.C. 30, 347 S.E. 2d 783 (1986). Once a trial court has found, by the preponderance of the evidence, that aggravating factors outweigh mitigating factors, the trial court has the discretion not only to increase the sentence above the presumptive term, but also the discretion to determine to what extent the sentence will be increased. *State v. Melton*, 307 N.C. 370, 380, 298 S.E. 2d 673, 680. Moreover, a discretionary decision of a trial court will be reversed only if it is "manifestly unsupported by reason." *State v. Brown*, 314 N.C. 588, 595, 336 S.E. 2d 388, 392 (1985) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E. 2d 829, 833 (1985)).

Defendant makes various arguments for the purpose of showing that the sentencing judge should have given greater weight to the mitigating factors found. He then contends the aggravating factor was minor in comparison to the mitigating factors. Defendant essentially argues that less weight should be given to the statutory aggravating factor that defendant has convictions for criminal offenses punishable by more than sixty days confinement since most of those convictions were for property crimes, not crimes of violence. First, as defendant concedes and the record shows, defendant had twice been convicted of assault on a female, clearly a crime involving violence. Further, defendant cites no authority and indeed we know of none that requires a sentencing judge to give less weight to this aggravating factor when the prior crimes are property crimes. The statute does not distinguish between crimes of violence and property crimes. *See* N.C.G.S. § 15A-1340.4(a)(1)o (1983). Here, the sentencing judge determined, in his discretion, that the aggravating factor found outweighed the mitigating factors found and sentenced defendant to the maximum term permitted by law. We are not prepared to

hold that these discretionary decisions were manifestly unsupported by reason. Accordingly, we find no abuse of discretion.

Affirmed.