STATE v. SMAW

[96 N.C. App. 98 (1989)]

---

STATE OF NORTH CAROLINA v. MARVIN EARL SMAW

No. 893SC135

(Filed 17 October 1989)

1. **Criminal Law §§ 1156, 1124 (NCI4th)— robbery—aggravating factors—use of weapon**

   The trial court did not err when sentencing defendant for common law robbery by finding in aggravation that he used a deadly weapon at the time of the crime where defendant claimed that he was unaware that his codefendant had the gun and that his codefendant's statement to the contrary was insufficient to establish that defendant was other than a minor participant in the crime. Defendant was a principal in the crime and his codefendant's use of the gun was therefore imputed to defendant. The informal evidentiary procedures used at the sentencing hearing are not dispositive of the question of the credibility of the State's evidence. N.C.G.S. § 15A-1340.4(a)(1)i.

   **Am Jur 2d, Criminal Law §§ 598, 599; Robbery §§ 82-84.**

2. **Criminal Law §§ 1156, 1098 (NCI4th)— common law robbery—aggravating factor—use of weapon**

   The trial court did not err when sentencing defendant for common law robbery by finding in aggravation that defendant used a deadly weapon in the performance of the crime. The use of a deadly weapon has never been an element of proof

---

required to establish common law robbery in North Carolina. N.C.G.S. § 15A-1340.4(a).

**Am Jur 2d, Criminal Law §§ 598, 599; Robbery §§ 82-84.**

3. **Criminal Law § 1218 (NCI4th) — robbery — mitigating factor — passive participant**

The trial court did not err when sentencing defendant for common law robbery by not finding in mitigation that he was a passive participant in the crime.

**Am Jur 2d, Criminal Law §§ 598, 599; Robbery §§ 82-84.**

APPEAL by defendant from *Winberry, Charles B., Judge*. Judgment entered 12 October 1988 in PITT County Superior Court. Heard in the Court of Appeals 19 September 1989.

Defendant was indicted for robbery with a dangerous weapon and conspiracy to commit common law robbery. Pursuant to a plea bargain with the State, defendant pleaded guilty to the offense of common law robbery in return for which the two original charges were dismissed.

The evidence introduced at the sentencing hearing tended to establish that on 16 April 1988 defendant Smaw, Tyrone Hopkins, and Darrell Lowrey entered into a plan to snatch purses. Defendant drove the three of them from Washington, North Carolina to the Pitt Plaza Mall in Greenville, North Carolina. Once there, defendant and Hopkins waited in the car while Lowrey approached the victim and her daughter, who were shopping at the mall. Lowrey put a gun to the victim's head, took her purse containing some three hundred dollars, and ran back to defendant's car. The three then fled in the car, defendant driving. Upon arrest, defendant admitted his complicity. He had no prior criminal record.

The court found as a statutory aggravating factor that defendant used a deadly weapon at the time of the crime. It found as statutory mitigating factors that defendant had no record of criminal convictions and that, at an early stage of the criminal process, he voluntarily acknowledged his wrongdoing in connection with the offense to a law enforcement officer. Upon finding the aggravating factor to outweigh the mitigating factors, the court sentenced defendant to a term of eight years' imprisonment. From this sentence, defendant appeals.

STATE v. SMAW

[96 N.C. App. 98 (1989)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James Wallace, Jr., for the State.*

*J. Graham Clark, III for defendant-appellant.*

WELLS, Judge.

Because defendant pleaded guilty, the sole issue presented by this appeal is whether his sentence for a term of imprisonment beyond the statutory presumptive term is supported by the evidence introduced at the sentencing hearing. N.C. Gen. Stat. § 15A-1444(a1) (1988). Common law robbery is punishable as a Class H felony, N.C. Gen. Stat. § 14-87.1 (1988), bearing a presumptive term of 3 years' imprisonment, *id.*, § 15A-1340.4(f)(6), and a maximum term of 10 years' imprisonment, *id.*, § 14-1.1(a)(8). For felony convictions other than Class A or B felonies, G.S. § 15A-1340.4(a) requires the trial court to impose the statutory presumptive term of imprisonment "unless, after consideration of aggravating or mitigating factors, or both, [the court] decides to impose a longer or shorter term[.]" To be considered by the court, such factors must be reasonably related to the purpose of sentencing and proved by a "preponderance of the evidence[.]" *Id.* The State has the burden of proof on aggravating factors, while the burden of proof on mitigating factors rests upon the defendant. *State v. Canty,* 321 N.C. 520, 364 S.E.2d 410 (1988). Although the trial court has wide latitude in determining whether aggravating and mitigating factors exist, *id.*, it may not consider evidence necessary to establish an element of the offense as proof of a factor in aggravation. N.C. Gen. Stat. § 15A-1340.4(a).

**[1]** Defendant first challenges the court's findings as a statutory aggravating factor under G.S. § 15A-1340.4(a)(1)(i) that he "used a deadly weapon at the time of the crime." He contends that he was unaware that his codefendant had the gun and that this codefendant's lone statement to the contrary was insufficient to establish that defendant was other than a minor participant in the crime. Defendant also urges that the informal evidentiary procedures used at the sentencing hearing lessened the credibility of the State's evidence on this point. Defendant miscasts the issue. By being present at the scene of the crime, with the intent to see it take place, and by performing the overt act of assisting in its commission by driving the getaway car, defendant became a principal in the crime. *See State v. Small,* 301 N.C. 407, 272 S.E.2d 128 (1980)

(and cases cited therein). His codefendant's use of the gun in perpetrating the crime is therefore imputed to defendant. *Id.; see also State v. Kelly*, 243 N.C. 177, 90 S.E.2d 241 (1955). More importantly, there is no indication that the Legislature in its enactment of G.S. § 15A-1340.4 sought to change this well-established rule with respect to the statutory aggravating factor in issue by adding *scienter* as an element to be found by the court. *See* G.S. § 15A-1340.4(a)(1)(i); *cf.*, G.S. § 15A-1340.4(a)(1)(g) ("The defendant *knowingly* created a risk of death[.]"). (Emphasis added.) We certainly will not do so. The question of defendant's awareness of the gun is thus not dispositive. In addition, the informal evidentiary procedures used at the sentencing hearing are not dispositive of the question of the credibility of the State's evidence, inasmuch as G.S. § 15A-1334(b) expressly suspends application of the formal rules of evidence to a sentencing hearing. We therefore hold the State's evidence sufficient to support the court's finding as a statutory aggravating factor that defendant used a deadly weapon at the time of the crime.

[2] Defendant, however, argues in the alternative that the gun could not be used as evidence to support a finding of a factor in aggravation because its use in the crime rendered it evidence of an element of the offense of common law robbery by putting the victim in fear. We are unpersuaded. Put simply, the use of a deadly weapon has never been an element of proof required to establish common law robbery in North Carolina. *See, e.g., State v. Melvin*, 57 N.C. App. 503, 291 S.E.2d 885, *cert. denied*, 306 N.C. 748, 295 S.E.2d 484 (1982) (and cases cited therein). Consequently, the State's evidence proving defendant's use of the gun as an aggravating factor was not barred by G.S. § 15A-1340.4(a).

[3] Finally, defendant challenges the court's failure to find as a statutory mitigating factor that he was a passive participant or minor player in the crime. In raising this issue on appeal, defendant has the burden of proving that the evidence in support thereof is "substantial, uncontradicted, and manifestly credible." *State v. Canty, supra*. A court is not compelled to find a statutory mitigating factor unless the evidence offered at the sentencing hearing "so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn." *Id.* Applying these principles to the facts before the trial court, we determine that defendant has not overcome his burden and that the court below properly declined to find this statutory factor in mitigation.

Affirmed.

Judges JOHNSON and ORR concur.