STATE OF NORTH CAROLINA v. TERRY ANTHONY RUFF

No. 550PA97

(Filed 9 October 1998)

**Criminal Law § 1096 (NCI4th Rev.)— second-degree kidnapping and rape—use of firearm—kidnapping sentence enhanced**

The trial court did not err by enhancing defendant's second-degree kidnapping conviction for the use of a firearm pursuant to N.C.G.S. § 15A-1340.16A where the jury found defendant guilty of first-degree rape and first-degree kidnapping, but the trial court arrested judgment on the first-degree kidnapping conviction and entered judgment sentencing defendant for second-degree kidnapping. The use or display of a firearm is not an essential element of second-degree kidnapping and the trial court was not precluded from relying on evidence of defendant's use of the firearm and enhancing his term of imprisonment pursuant to the firearm enhancement section. It is irrelevant whether the use of a firearm was the gravamen of the first-degree rape; so long as the use of a firearm is not an essential element of the underlying felony, defendant's term of imprisonment must be enhanced by sixty months. The cases upon which the Court of Appeals relied in vacating the enhanced sentence were decided under the former Fair Sentencing Act.

Justice WYNN did not participate in the consideration or decision of this case.

On petition for discretionary review pursuant to N.C.G.S. § 7A-31 from a unanimous decision of the Court of Appeals, 127 N.C. App. 575, 492 S.E.2d 374 (1997), vacating in part and remanding a judgment entered by Huffman, J., on 20 February 1996 in Superior Court, Cleveland County. Heard in the Supreme Court 11 March 1998.

STATE v. RUFF

[349 N.C. 213 (1998)]

*Michael F. Easley, Attorney General, by Laura E. Crumpler, Assistant Attorney General, for the State-appellant.*

*Brenda S. McLain for defendant-appellee.*

MITCHELL, Chief Justice.

Defendant was indicted on 24 July 1995 for first-degree kidnapping and first-degree rape. He was tried at the 12 February 1996 Criminal Session of Superior Court, Cleveland County. The jury found defendant guilty of both charges. On 20 February 1996, the trial court arrested judgment on the first-degree kidnapping conviction and entered judgment sentencing defendant for second-degree kidnapping. Defendant received a minimum sentence of thirty-two months' imprisonment for the class E felony, which was then enhanced by sixty months pursuant to N.C.G.S. § 15A-1340.16A, resulting in a minimum sentence of 92 months' and a maximum sentence of 120 months' imprisonment. In a separate judgment, defendant was also sentenced to a consecutive term of from 320 months' to 393 months' imprisonment for the class B1 felony of first-degree rape. Defendant gave notice of appeal to the North Carolina Court of Appeals on 20 February 1996.

On appeal, the Court of Appeals vacated the part of the judgment for kidnapping that imposed an enhanced sentence of sixty months' imprisonment for use of a firearm during the commission of second-degree kidnapping. *State v. Ruff*, 127 N.C. App. 575, 585, 492 S.E.2d 374, 379-80 (1997). For the reasons discussed herein, we conclude that the Court of Appeals erroneously vacated defendant's enhanced sentence. Accordingly, we reverse the Court of Appeals and reinstate defendant's enhanced sentence.

The State's evidence tended to show that the victim was a female employed by the Lutz Oil Company in Shelby, North Carolina. On 13 June 1995, Mr. Lutz, president of Lutz Oil Company, asked the victim to drive to the Kings Mountain store in order to cover for another employee while that employee went to lunch. The victim left her Shelby office at 12:15 p.m. and arrived at the Kings Mountain store at approximately 12:30 p.m. Shortly after the victim arrived at the Kings Mountain store, she began to clean the bathroom. While cleaning, she heard a side door open. The victim left the water in the bathroom running in order to attend to what she believed to be a customer. The customer, later identified as defendant, asked her for some cigarettes. As the victim turned around after reaching for the cigarettes,

she saw a gun pointing at her face. While holding the gun, defendant told the victim to be quiet and to cooperate.

Defendant then held his gun to the victim's side and escorted her outside to his pickup truck. She testified that she did not scream or try to escape because she believed defendant would kill her if she did so. Defendant and the victim then traveled down Stoney Point Road. Defendant stopped the truck and led the victim to a field while holding the gun to her back. At one point, defendant stopped and took off the victim's pantyhose, but then continued to lead her further into the field so they could not be seen from the road. Once they stopped again, he removed her shirt and told her to remove her skirt and bra. Defendant also removed his own clothes and removed the victim's underpants himself. Defendant ordered the victim to lie down, then proceeded to commit sexual acts against her and to rape her. Afterwards, defendant got dressed and unloaded his gun. He then said, "If I'd known it was this easy, I would never have brought my gun."

As the victim and defendant traveled back towards the store, the victim convinced defendant to let her out of the truck before arriving at the store. After defendant let the victim out, she ran to the store and saw a co-employee and a police officer. After describing defendant to the officer, she was taken to Cleveland Memorial Hospital for examination. The police apprehended defendant shortly thereafter.

The State contends that the Court of Appeals incorrectly vacated the part of defendant's sentence that was enhanced by reason of his use of a firearm. The State argues that in reaching its decision, the Court of Appeals erroneously relied upon *State v. Westmoreland*, 314 N.C. 442, 334 S.E.2d 223 (1985), and *State v. Lattimore*, 310 N.C. 295, 311 S.E.2d 876 (1984). We agree.

In the decision below, the Court of Appeals noted that under *State v. Westmoreland*, a trial court "could not aggravate [a] sentence with acts of the defendant 'which form[ed] the gravamen of contemporaneous convictions of joined offenses.' " *State v. Ruff*, 127 N.C. App. 575, 583, 492 S.E.2d 374, 379 (1997) (quoting *Westmoreland*, 314 N.C. at 449, 334 S.E.2d at 227-28) (second alteration in original). The Court of Appeals then found that the use of a firearm was the "gravamen" of defendant's first-degree rape conviction, and therefore the trial court could not use it to aggravate defendant's second-degree

kidnapping conviction. *Id.* at 585, 492 S.E.2d at 379-80. *Westmoreland* and *Lattimore*, the cases upon which the Court of Appeals relied in reaching its decision in the present case, were decided under the former Fair Sentencing Act, N.C.G.S. ch. 15A, art. 81A (1988). However, our legislature has since repealed the Fair Sentencing Act. Act of July 24, 1993, ch. 538, sec. 14, 1993 N.C. Sess. Laws 2298, 2318. Since defendant was found guilty and sentenced for crimes occurring after 1 October 1994, the Structured Sentencing Act, N.C.G.S. ch. 15A, art. 81B (1997), provides the controlling law. N.C.G.S. § 15A-1340.10 (1997).

The firearm enhancement section of the Structured Sentencing Act provides:

If a person is convicted of a Class A, B1, B2, C, D, or E felony and the court finds that the person used, displayed, or threatened to use or display a firearm at the time of the felony, the court shall increase the minimum term of imprisonment to which the person is sentenced by 60 months. The court shall not suspend the 60-month minimum term of imprisonment imposed as an enhanced sentence under this section and shall not place any person sentenced under this section on probation for the enhanced sentence.

N.C.G.S. § 15A-1340.16A(a). This provision does not apply, however, where "[t]he evidence of the use, display, or threatened use or display of a firearm is needed to prove an element of the underlying . . . felony." N.C.G.S. § 15A-1340.16A(b)(2).

We conclude the trial court correctly applied the firearm enhancement section in this case. Even though the jury found defendant guilty of first-degree rape and first-degree kidnapping, the trial court arrested judgment on the first-degree kidnapping conviction and entered judgment sentencing defendant for second-degree kidnapping instead. Defendant's conviction and sentence for the first-degree rape remained intact. N.C.G.S. § 15A-1340.16A requires the trial court to increase defendant's term of imprisonment for a felony when the trial court finds that defendant "used, displayed, or threatened to use or display a firearm at the time of the felony." Here, defendant displayed a firearm when he kidnapped and raped the victim. The "underlying felony" which was enhanced by sixty months' imprisonment under the firearm enhancement section is second-degree kidnapping. Because the use or display of a firearm is not an essential element of second-degree kidnapping, the trial court was

**STATE v. RUFF**

[349 N.C. 213 (1998)]

not precluded from relying on evidence of defendant's use of the firearm and enhancing defendant's term of imprisonment pursuant to the firearm enhancement section. *See* N.C.G.S. § 15A-1340.16A(b)(2).

In determining whether defendant's sentence for second-degree kidnapping could properly be enhanced under the firearm enhancement section, it is irrelevant whether the use of a firearm was the gravamen of the first-degree rape. So long as the use of a firearm is not an essential element of the underlying felony for which defendant is sentenced—here, second-degree kidnapping—defendant's term of imprisonment for that particular felony must be enhanced by sixty months.

For the foregoing reasons, we conclude that the Court of Appeals erred in vacating that part of defendant's sentence which was enhanced by the firearm enhancement section. Therefore, the decision of the Court of Appeals is reversed, and this case is remanded to the Court of Appeals for further remand to the Superior Court, Cleveland County, for reinstatement of the judgment for second-degree kidnapping, including the enhanced sentence for use of a firearm.

REVERSED AND REMANDED.

Justice WYNN did not participate in the consideration or decision of this case.