STATE OF NORTH CAROLINA v. PHILLIP EUGENE BOYD

No. COA99-1368-2

(Filed 15 January 2002)

**1. Sentencing— second-degree kidnapping—use of firearm**

The trial court was not precluded from enhancing the sentence of a second-degree kidnapping defendant for use of a firearm because the use or display of a firearm is not an essential element of second-degree kidnapping.

**2. Sentencing— firearm enhancement—indictment—statutory factors**

A sentence under the firearm enhancement provision of N.C.G.S. § 15A-1340.16A was vacated and remanded where the indictment did not allege the statutory factors supporting enhancement.

**3. Appeal and Error— law of the case—prior Court of Appeals panel in same case**

A decision by a prior panel of the Court of Appeals on the same issue in the same case was the law of the case and governed on further appeal after remand and resentencing.

**4. Sentencing— resentencing—mitigating factor**

A kidnapping and rape defendant did not show error in his resentencing hearing where defendant contended that the judge's statement that he could not find a mitigating factor showed a mis-

apprehension that he was precluded from finding factors not found at a previous hearing, but the statement was ambiguous and could also be read as stating that the judge was not finding a mitigating factor.

### 5. Sentencing— mitigating factor—supporting family—insufficient evidence

The trial court did not err when sentencing defendant for kidnapping and rape by refusing to find as a mitigating factor that defendant supports his family where the only evidence submitted was that defendant had directed $2,000 from the settlement of a lawsuit to his former wife for the benefit of his child.

On remand based on an order of the Supreme Court filed 19 July 2001, *State v. Boyd* (No. 34P01), 353 N.C. 729, 551 S.E.2d 106 (2001), remanding the unanimous decision of the Court of Appeals, *State v. Boyd* (COA99-1368, unpublished opinion filed 29 December 2000), 141 N.C. App. 350, 541 S.E.2d 810 (2000), for reconsideration in light of the Supreme Court's opinion in *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001). Appeal by defendant from judgments entered 3 May 1999 by Judge Orlando F. Hudson in Durham County Superior Court. Originally heard in the Court of Appeals 11 October 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Robert C. Montgomery, for the State.*

*Daniel Shatz for defendant-appellant.*

HUNTER, Judge.

This opinion supersedes and replaces our unpublished opinion in this case filed 29 December 2000. The following is a brief recitation of the facts necessary to the issues presented in this appeal.

This case arose from defendant's encounter with his girlfriend, Onjaya Scott, and her friend, Jacqueline Murphy, on 13 May 1995. On the night of 12 May 1995, Ms. Murphy was spending the night with Ms. Scott in Ms. Scott's apartment. The State's evidence tended to show that during the early morning of 13 May 1995, defendant entered the apartment, struck Ms. Scott in the face, pointed a gun at Ms. Murphy, and held the two women in the apartment for approximately two and one-half hours. During this time, he threatened to kill the women if they tried to run, and savagely beat Ms. Murphy with a rolling pin, fracturing both of her hands.

Defendant was convicted of one count of simple assault on Ms. Scott, one count of assault with a deadly weapon with intent to kill inflicting serious bodily injury on Ms. Murphy, two counts of second degree kidnapping, and two counts of being an habitual felon. In defendant's first appeal, another panel of this Court found no error in defendant's trial, but vacated the sentence and awarded him a new sentencing hearing. *State v. Boyd* (COA96-662, unpublished opinion filed 6 May 1997), 126 N.C. App. 226, 491 S.E.2d 563, *disc. review denied*, 346 N.C. 550, 488 S.E.2d 811 (1997). In a second appeal, defendant contested his resentencing. Another panel of this Court again vacated his sentences and remanded for still another sentencing hearing. *State v. Boyd* (COA98-197, unpublished opinion filed 29 December 1998), 131 N.C. App. 879, 516 S.E.2d 652 (1998). In the present appeal, we are asked to review defendant's sentence.

The resentencing at issue here was conducted on 3 May 1999. The court imposed two consecutive sentences on defendant. The first sentence is based on defendant's conviction in 95CRS 14675 of Ms. Murphy, enhanced to a Class C felony by reason of defendant's habitual felon status. As to this offense, defendant received a minimum of 86 and a maximum of 113 months' imprisonment. The second sentence relates to the following consolidated offenses: (1) second degree kidnapping of Ms. Scott in 95CRS 14676, enhanced to a Class C felony by reason of habitual felon status, (2) assault with a deadly weapon inflicting serious injury on Ms. Murphy in 95CRS 14674, a Class E felony, and (3) simple assault on Ms. Scott in 95CRS 13585, a misdemeanor. For these consolidated offenses, defendant received a minimum of 108 and a maximum of 139 months' imprisonment. Pursuant to N.C. Gen. Stat. § 15A-1340.16A, the firearm enhancement section of the Structured Sentencing Act, the sentencing judge enhanced the punishment for these consolidated offenses by sixty months. Defendant's sentence for the consolidated offenses then became a minimum of 168 and a maximum of 211 months' imprisonment.

The firearm enhancement section of the Structured Sentencing Act provides:

(a) If a person is convicted of a Class A, B1, B2, C, D, or E felony and the court finds that the person used, displayed, or threatened to use or display a firearm at the time of the felony, the court shall increase the minimum term of imprisonment to which the person is sentenced by 60 months. The court shall not suspend the 60-month minimum term of imprisonment imposed as

an enhanced sentence under this section and shall not place any person sentenced under this section on probation for the enhanced sentence.

(b) Subsection (a) of this section does not apply in any of the following circumstances:

(1) The person is not sentenced to an active term of imprisonment.

(2) The evidence of the use, display, or threatened use or display of a firearm is needed to prove an element of the underlying Class A, B1, B2, C, D, or E felony.

(3) The person did not actually possess a firearm about his or her person.

N.C. Gen. Stat. § 15A-1340.16A (1999).

**[1]** At the outset, we address defendant's contention that evidence of the display or threatened use of a firearm in this case was necessary to prove the element of restraint in the underlying felony of second degree kidnapping, in violation N.C. Gen. Stat. § 15A-1340.16A(b)(2). Our own Supreme Court has made clear that even where a defendant displayed a firearm when he kidnapped and raped the victim, "the use or display of a firearm is not an essential element of second-degree kidnapping" and thus, a trial court is "not precluded from relying on evidence of defendant's use of the firearm and enhancing defendant's term of imprisonment pursuant to the firearm enhancement section [in N.C. Gen. Stat. § 15A-1340.16A(b)(2)]." *State v. Ruff*, 349 N.C. 213, 216-17, 505 S.E.2d 579, 581 (1998). Defendant's argument is without merit.

**[2]** Defendant next contends his sentence under the firearm enhancement provision in N.C. Gen Stat. § 15A-1340.16A must be vacated in light of the United States Supreme Court's recent decision in *Apprendi v. New Jersey*, because it subjected him to increased punishment which was not charged in the indictment, not submitted to a jury and not proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000). For the reasons stated in *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712, we agree with defendant's contention on this issue. In *Lucas*, our Supreme Court held that "in every instance where the State seeks an enhanced sentence pursuant to N.C.G.S. § 15A-1340.16A, it must allege the statutory factors supporting the enhancement in an indictment . . . and submit those

factors to the jury." *Id.* at 597-98, 548 S.E.2d at 731. Accordingly, since defendant's indictment failed to allege the statutory factors supporting enhancement, the imposition of the firearm enhancement penalty to defendant's sentence in this case is vacated and the case is remanded for resentencing consistent with the Supreme Court's decision in *Lucas*.

**[3]** Defendant next contends the trial court erred by using the aggravating factor that Ms. Murphy suffered permanent and debilitating injuries to increase defendant's sentence as to the consolidated judgment. Defendant concedes he raised this issue in his previous appeal. Indeed, a prior panel of this Court addressed defendant's contention and found no error in applying the aggravating factor to the entire consolidated judgment. "According to the doctrine of the law of the case, once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal." *Weston v. Carolina Medicorp, Inc.*, 113 N.C. App. 415, 417, 438 S.E.2d 751, 753 (1994). Accordingly, this issue is not properly before this panel of our Court and we will not address it.

**[4]** In his next assignment of error, defendant contends that during his second resentencing, the sentencing judge failed to apply the statutory mitigating factor that defendant supports his family pursuant to N.C. Gen. Stat. § 15A-1340.16(e)(17). *Citing State v. Swimm*, 316 N.C. 24, 340 S.E.2d 65 (1986), defendant points to the sentencing judge's statement that "[t]he Court cannot find a mitigating factor" to establish that the judge was operating under a misapprehension that he was precluded from considering mitigating factors not found at a previous sentencing hearing. In *Swimm*, our Supreme Court held that "[a] resentencing hearing is a de novo proceeding at which the trial judge may find aggravating and mitigating factors without regard to the findings made at the prior sentencing hearing." *Id.* at 31, 340 S.E.2d at 70.

As the State maintains, the sentencing judge's statement is largely ambiguous. It could either imply that the sentencing judge thought he was not *allowed* to find a mitigating factor, or it may be read as a finding that the court *did not*, after consideration, find a mitigating factor. We find the latter interpretation more reasonable. The statement was made directly after the sentencing judge finished making its own findings as to the applicable aggravating factors in defendant's case. The State also points out that the sentencing judge began the hearing by asking the parties whether there would be any further evidence

presented, and by accepting an affidavit in support of the mitigating factor now at issue. Furthermore, the sentencing judge heard defendant's argument as to why the new mitigating factor should be found and the court's written findings state that "after considering the evidence and arguments presented· at the trial and sentencing hearing, [the court] finds that the aggravating and mitigating factors marked, if any, were proven by a preponderance of the evidence." These facts tend to indicate that the trial court was not operating under a misapprehension of the law, but clearly understood that the resentencing hearing was a *de novo* proceeding. Defendant has not met his burden on appeal to show error. *See, e.g., State v. Small*, 301 N.C. 407, 430-31, 272 S.E.2d 128, 142-43 (1980).

**[5]** Defendant also contends that an affidavit he submitted to the trial court in the previous resentencing sufficiently established the mitigating factor that defendant supports his family under N.C. Gen. Stat. § 15A-1340.16(e)(17). A defendant has the burden of proving by a preponderance of the evidence the existence of mitigating factors. *State v. Canty*, 321 N.C. 520, 523, 364 S.E.2d 410, 413 (1988). A trial judge is given wide latitude in determining the existence of mitigating factors. *Id.* at 523, 364 S.E.2d at 413. The trial court's failure to find a mitigating factor is error only when the evidence so clearly establishes the fact in issue such that "no other reasonable inferences can be drawn from the evidence." *Id.* at 524, 364 S.E.2d at 413.

Defendant's affidavit stated that while he was imprisoned, he settled a civil lawsuit for $2,000.00 and directed the proceeds to be disbursed to his former wife for the benefit of his minor child. This being the *only* evidence submitted indicating that defendant supported his minor child, it is quite possible that this is the only time defendant has offered support in favor of his minor child. Thus, defendant's evidence does not so clearly establish that defendant supports his family such that no other reasonable inference can be drawn. The sentencing judge thus did not err in refusing to find this mitigating factor.

In summary, we vacate the judgment entered for enhanced firearm penalty in cases 95CRS 13585, 95CRS 14674 and 95CRS 14676, and remand these cases for resentencing in accordance with our Supreme Court's decision in *State v. Lucas*.

Vacated and remanded for resentencing.

Judges GREENE and WYNN concur.