STATE OF NORTH CAROLINA v. ELLEREK DERMOT VAUGHTERS

No. COA11-1042

(Filed 6 March 2012)

**1. Sentencing—aggravating factors—deadly weapon—not element of kidnapping offense**

The trial court in a first-degree kidnapping prosecution did not err by finding as an aggravating factor under the Fair Sentencing Act that defendant was armed with a deadly weapon at the time of the crime. Although defendant argued that this was an element necessary of kidnapping, defendant confined, restrained, and removed the victim without his consent, committed the kidnapping for the purpose of committing robbery and facilitating flight afterwards, and the victim was seriously injured and was not released in a safe place. All of the elements of first-degree kidnapping were present without defendant's use of a firearm.

**2. Sentencing—Fair Sentencing Act—balancing aggravating and mitigating factors—no abuse of discretion**

The trial court did not err by concluding that aggravating factors outweighed the mitigating factors when sentencing defendant for first-degree kidnapping under the Fair Sentencing Act. The trial court found nineteen mitigating factors and one aggravating factor, but the aggravating factor was that defendant was armed with a deadly weapon at the time of the crime. The discretionary decision was not a matter of mathematics.

Appeal by Defendant from judgment entered 27 October 1992 by Judge Craig A. Thompson in Durham County Superior Court. Heard in the Court of Appeals 14 December 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Ward Zimmerman, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for Defendant.*

HUNTER, JR., Robert N., Judge.

## I. Factual & Procedural Background

On 5 August 1991, the Durham County Grand Jury indicted Ellerek Dermot Vaughters ("Defendant") for first degree murder.

Subsequently on 19 August 1991, the Grand Jury indicted Defendant for first degree kidnapping and robbery with a dangerous weapon. Defendant initially pled not guilty, and testimonial evidence against Defendant was presented at trial beginning on 22 October 1992. On 23 October 1992, Defendant changed his plea to guilty on all charges including first degree murder under the theory of felony murder based on robbery with a dangerous weapon. Based on this plea, Defendant was adjudicated guilty of first degree murder and first degree kidnapping. The trial court arrested the charge of robbery with a dangerous weapon, as it merged with the first degree murder as an element of the offense. Defendant was sentenced to life in prison for the murder and an aggravated consecutive sentence of 25 years for the kidnapping.

Defendant had been interviewed by Durham police detective Darrell Dowdy on 3 July 1991. The transcript and tape recording of this interrogation were introduced at trial prior to Defendant's guilty plea. Defendant's admissions in that interview tended to show the following.

On 1 July 1991, Defendant and Greg Fray were at a convenience store in Raleigh and had been drinking heavily. In the parking lot, they came across Walter Eugene Burnett, who had pulled up in his van. They told Mr. Burnett to get in the back of the van, and Mr. Fray began driving the van with Mr. Burnett and Defendant in the back. Although Defendant had a gun with him, he had it in his pocket and did not pull it on Mr. Burnett at the time he ordered him into the van.

While driving the van, Mr. Fray repeatedly told Defendant to kill Mr. Burnett, and Mr. Burnett begged them not to kill him. After Mr. Burnett moved, Defendant struck him in the back with his hand. After stopping for beer a few times, Mr. Fray pulled the van over, and everyone got out of the van. After Mr. Fray knocked Mr. Burnett to the ground, Defendant held Mr. Burnett at gun point and told him to take his clothes off. Defendant asserts that Mr. Burnett reached up to grab the gun and the gun discharged, killing Mr. Burnett.

On 15 September 2006, Defendant filed a motion for appropriate relief in Durham County Superior Court seeking a belated appeal of his greater than presumptive range sentence for his kidnapping conviction. On 22 September 2006, Judge Orlando Hudson dismissed Defendant's motion. On 6 October 2006, Defendant filed a petition for writ of certiorari to this Court, which was granted on 25 October 2006, remanding the case to the Superior Court for an evidentiary hearing whether Defendant was advised by counsel of his right to appeal.

On 23 March 2009, an evidentiary hearing was held before Judge Hudson. On 3 April 2009, Judge Hudson issued an order concluding that Defendant "was not apprised of his appellate rights as they relate to his aggravated sentence for first degree kidnapping" and that his motion for appropriate relief as it related to the aggravated first degree kidnapping sentence should be allowed. On 28 March 2011, Defendant filed a petition for writ of certiorari to this Court, which was granted on 21 April 2011 allowing his appeal as to the aggravated sentence for first degree kidnapping.

## II. Standard of Review

Defendant assigns error to the trial court's sentence, which we review for " 'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.' " *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (citation omitted). We review the trial court's weighing of aggravating factors and mitigating factors for abuse of discretion. *State v. Summerlin*, 98 N.C. App. 167, 177, 390 S.E.2d 358, 363 (1990). In reviewing sentencing, "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962).

## III. Analysis

**[1]** Defendant argues that the trial court erred in finding as an aggravating factor that Defendant "was armed with a deadly weapon at the time of the crime," as this is an element necessary to prove the kidnapping offense. We disagree.

Under the Fair Sentencing Act, which was applicable at the time Defendant was sentenced, the trial court can impose a sentence greater than the presumptive term if it considers the aggravating and mitigating factors for Defendant's convictions and makes written findings of fact delineating those factors and explaining that the aggravating factors outweigh the mitigating factors. *State v. Green*, 101 N.C. App. 317, 322, 399 S.E.2d 376, 379 (1991). In the present case, the trial court found as an aggravating sentencing factor under N.C. Gen. Stat. § 15A-1340.4(a)(1)i. (1988) that Defendant "was armed with or used a deadly weapon at the time of the crime." Section 15A-1340.4(a)(1) of the Fair Sentencing Act provided that "[e]vidence

necessary to prove an element of the offense may not be used to prove any factor in aggravation." N.C. Gen. Stat. § 15A-1340.4(a)(1) (1988). Defendant argues that evidence he used a firearm was necessary to prove elements of kidnapping and thus the trial court erred in finding the use of a firearm as an aggravating factor.

The elements of first degree kidnapping are "(1) confining, restraining, or removing from one place to another; (2) any person sixteen years or older; (3) without such person's consent; (4) if such act was for the purposes of facilitating the commission of a felony." *State v. Oxendine*, 150 N.C. App. 670, 675, 564 S.E.2d 561, 565 (2002). Kidnapping is first degree if the victim either was not released by the defendant in a safe place or was seriously injured or sexually assaulted. *Id.*

In the present case, Defendant confined, restrained, and removed Mr. Burnett, an adult over the age of 16, without his consent, by telling Mr. Burnett to get in the back of the van and driving away with him in the van. Defendant committed the kidnapping for the purpose of committing robbery and facilitating the flight of Defendant following the robbery of the van. Mr. Burnett was not released in a safe place and was seriously injured, making the offense first degree. All of the elements of first degree kidnapping are present in this case, and Defendant's use of a firearm is not necessary in proving the elements as listed above.

In support of his argument, Defendant cites *State v. Brice*, where our Court found that "[r]elying on the use of a firearm to prove the necessary element of restraint [in a kidnapping case] precludes employing the use of a firearm again to enhance the sentence." 126 N.C. App. 788, 795, 486 S.E.2d 719, 722-23 (1997). To the extent that Brice is inconsistent with *State v. Ruff*, 349 N.C. 213, 505 S.E.2d 579 (1998), discussed *infra*, we follow our Supreme Court's holding in *Ruff. See State v. Coria*, 131 N.C. App. 449, 456, 508 S.E.2d 1, 5 (1998) ("While decisions of one panel of this Court are binding upon subsequent panels unless overturned by a higher court . . . we also have a responsibility to follow the decisions of our Supreme Court." (internal citations omitted)).

Our Supreme Court has allowed the enhancement of a sentence based on the use or display of a firearm in a second degree kidnapping case. *See Ruff*, 349 N.C. at 216, 505 S.E.2d at 581. In *Ruff*, the defendant kidnapped the victim at gunpoint and raped her. *Id.* at 215, 505 S.E.2d at 580. The defendant's sentence was enhanced pursuant

to N.C. Gen. Stat. § 15A-1340.16A (1997), which allowed for enhancement where the defendant "used, displayed, or threatened to use or display a firearm at the time of the felony." *Id.* "This provision does not apply, however, where '[t]he evidence of the use, display, or threatened use or display of a firearm is needed to prove an element of the underlying . . . felony.' " *Id.* at 216, 505 S.E.2d at 580 (quoting N.C. Gen. Stat. § 15A-1340.16A(b)(2)) (alterations in original).

In upholding the enhancement, the Court stated that "[b]ecause the use or display of a firearm is not an essential element of second-degree kidnapping, the trial court was not precluded from relying on evidence of defendant's use of the firearm and enhancing defendant's term of imprisonment pursuant to the firearm enhancement section." *Id.* at 216-17, 505 S.E.2d at 581.

In *State v. Boyd*, our Court followed *Ruff* in finding the firearm enhancement applicable where the defendant pointed a firearm at one of the victims of second degree kidnapping. 148 N.C. App. 304, 307, 559 S.E.2d 1, 3 (2002). We see no reason to distinguish the first degree kidnapping conviction in this case from the second degree kidnapping convictions in *Ruff* and *Boyd*. Thus, using a firearm is not an essential element of first degree kidnapping and the trial court was correct to find the use of a firearm as an aggravating factor.

Defendant points out in his reply brief that *Ruff* was decided under the Structured Sentencing Act, which applies to cases where the date of offense is after 1 October 1994. N.C. Gen. Stat. § 15A-1340.10 (2011). Since the date of the offense in this case is 1 July 1991, Defendant is correct that the Fair Sentencing Act, not the Structured Sentencing Act, applies to the present case. However, this Court has repeatedly applied the logic of cases decided under the Fair Sentencing Act to cases arising under the Structured Sentencing Act. *See e.g., State v. Byrd*, 164 N.C. App. 522, 527, 596 S.E.2d 860, 863 (2004) ("We note that many of the cases analyzing trial courts' decisions . . . were decided under the Fair Sentencing Act. Even though this case was heard under Structured Sentencing . . . the logic of the cases under the earlier act as to aggravating and mitigating factors remains valid."); *State v. Radford*, 156 N.C. App. 161, 164 n.1, 576 S.E.2d 134, 137 n.1 (2003) ("Although *Brown*, and other cases cited in this opinion, were decided under the predecessor to the Structured Sentencing Act, our analysis is not affected.").

This Court recognized in an unpublished case that the provision in question from the Fair Sentencing Act is "almost identical" to the one used in *Ruff* from the Structured Sentencing Act, stating:

> the Fair Sentencing Act . . . contained a provision almost identical to the provision of the Structured Sentencing Act at issue in the present case. Compare N.C. Gen.Stat. § 15A-1340.4(a)(1) (Cum.Supp.1981) (providing that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to prove more than one factor in aggravation"), *with* N.C.G.S. § 15A1340.16(d) (providing that "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation, and the same item of evidence shall not be used to prove more than one factor in aggravation.").

*State v. Talley*, No. COA07-89, 2007 WL 4105724, (N.C. App. November 20, 2007). In addition, Defendant's initial brief to this Court cited *State v. Smith*, 125 N.C. App. 562, 567, 481 S.E.2d 425, 427-28 (1997), a case decided under the Structured Sentencing Act. Defendant refers to the provision from the Structured Sentencing Act as being "a later identical statute" to the one in the Fair Sentencing Act. As the provisions are essentially identical, we apply our Supreme Court's logic in *Ruff* in concluding the trial court properly applied the use of a firearm as an aggravating factor.

**[2]** Defendant also argues that the trial court's conclusion that the aggravating factor outweighed the mitigating factors was an abuse of discretion. We disagree.

The trial court found one statutory aggravating factor and 19 mitigating factors, 5 statutory and 14 nonstatutory. The trial court weighed the factors and found that the aggravating factor outweighed the mitigating factors.

"The balance struck by a trial court when weighing mitigating and aggravating factors will not be disturbed if there is support in the record for the trial court's determination." *State v. Canty*, 321 N.C. 520, 527, 364 S.E.2d 410, 415 (1988); *see also State v. Baucom*, 66 N.C.App. 298, 302, 311 S.E.2d 73, 75 (1984). "[A] discretionary decision of a trial court will be reversed only if it is 'manifestly unsupported by reason.' " *Canty*, 321 N.C. at 527, 364 S.E.2d at 415 (citation omitted). This discretionary decision is not a matter of mathematics, and "the fact that there are more mitigating factors than

aggravating factors is not determinative." *Id.* In fact, "only one factor in aggravation is necessary to support a sentence greater than the presumptive term." *Baucom*, 66 N.C. App. at 302, 311 S.E.2d at 75.

We find no abuse of discretion in the trial court's decision that the aggravating factor outweighed the mitigating factors. Defendant points to *State v. Parker*, which proposes that "[i]n some cases, a single, *relatively minor* aggravating circumstance simply will not reasonably outweigh a number of *highly significant* mitigating factors." 315 N.C. 249, 260, 337 S.E.2d 497, 503-04 (1985) (emphasis added). However, we cannot agree that the aggravating factor in the present case that Defendant was armed with a deadly weapon at the time of the crime was "relatively minor" or that the mitigating factors were "highly significant." We see no reason to disturb the trial court's discretion.

## IV. Conclusion

For the foregoing reasons, the trial court's determinations on sentencing are

Affirmed.

Judges HUNTER, Robert C. and GEER concur.